## Henry A. Kent and Others v. William B. May and Others.

*Construction of Contract.* — The plaintiffs being the holders of a promissory note for $1,414.98-100, made by the defendants, entered into an agreement with William B. May, by which in consideration of the endorsement to them by May and Cloyes of two promissory notes of Asahel Clapp and Son, as collateral security, and the agreement of said William B. May to pay $553.74-100, according to the terms of his note of that date to one Harris, to be applied on said note of defendants, it was agreed, on their part, that no proceedings should be instituted for the collection of said original note till one of the notes specified in said agreement as "assigned as collateral security" should have been dishonored by non-payment. The two notes of Clapp and Son having been paid, and May's note for $553.74-100 remaining unpaid, the plaintiffs, to recover the amount of the same, and interest, sued defendants on said original note ; — *Held,* That the payment of the notes of Clapp and Son discharged defendants from liability on said note.

*Heard April 6th.    Decided October 27th.*

Case made after judgment from St. Joseph Circuit.

Assumpsit on a promissory note · executed by the defendants to the plaintiffs.

Plea, the general issue with notice of special matter.

Trial by jury.

On the trial the execution of the note declared upon was admitted. It was proved that after the note of the defendants became due, and on the 11th September, 1857, Kent, Lowber and Smyth, the plaintiffs, entered into a written agreement with William B. May, one of the defendants, which agreement was in the following terms:

"In consideration of the endorsement by May and Cloyes to Kent, Lowber and Smyth, as collateral security of two promissory notes made by Asahel Clapp and Son, bearing date respectively August 24th, 1857; one for $500 at twelve months, the other for $453.74, at eighteen months; and the agreement of said May to pay the sum of $553.74 in sixty days from the present date, according to the terms of a promissory note of this date of William B. May, in favor of T. G. Harris, to be applied on a certain note made by William B. May, J.

KENT v. MAY.

W. Cloyes, Charles Cooper and John Hotchin, in favor of said Kent, Lowber and Smyth, dated September 14th, 1856, payable in four months from its date, for the sum of $1,414.98, it is stipulated and agreed on the part of said Kent, Lowber and Smyth that no proceedings shall be instituted for the collection of the last mentioned note, till either of the notes herein mentioned as assigned as collateral security for the payment of said note to Kent, Lowber and Smyth shall have been dishonored by non-payment."

It was also shown that the note for $553.74 was given for the balance of the defendants' note for $1,414.98, after deducting the amount of the Clapp notes, and the two notes of Clapp and Son had been paid: that the note for $553.74 had never been paid, and that William B. May had gone to California. The plaintiffs insisted that they were entitled to recover in this action the amount of said last mentioned note, but the Court charged the jury that by the payment of the Clapp notes the defendants were discharged from all liability on their note, and the plaintiffs could not recover. The plaintiffs excepted, and the jury, under charge of the Court, returned a verdict for the defendants.

*Riley & Shipman* for plaintiffs.

*William Savier* for defendants.

MARTIN CH. J.

The only question in this case is of the construction of a contract. In this we think the Circuit Judge was correct. The collaterals referred to in the agreement between May and the plaintiffs were very evidently the endorsed notes of Clapp and Son, for they are specified as such, while the individual note of May is not, but is treated as distinct from such collaterals, and his agreement to pay it at maturity is made entirely

independent of the payment of the Clapp notes. I think it too obvious to need argument that the parties to the contract intended to separate the May note from what are mentioned in it as notes "assigned as collateral security." In fact the May note was not an "assigned" note, but an original note of the principal debtor for the balance over the amount of the assigned paper.

The judgment is affirmed.

CAMPBELL J. concurred.