## Case No. 14,243.

### TURNBULL et al. v. THOMAS et al.

[1 Hughes. 172.] [1]

Circuit Court, E. D. Virginia, Jan., 1875.

NOTES—SIGNATURE—PAYMENT—BONA FIDE PURCHASER—CONTRACTS—AMOUNT OF SECURITY.

1. Where the maker of a promissory note, which is in printed form, by mistake, signs his name above the printed line stating the bank at which the note is payable, held, that the printed line below the signature is nevertheless part of the note, and that the note is therefore negotiable, especially where it has coupons of interest attached, and is indorsed in that form, these circumstances precluding all doubt of the fact that the designation of the place of payment was on the note when it was executed.

2. Where an agreement in writing is made between parties, by which it is stipulated that the one shall secure the other by trust deed to the amount of sixty thousand dollars, and the trust deed afterwards actually mentioned thirty thousand dollars as the amount received, held, that the deed was a lien only for thirty thousand dollars.

3. Where agents of a manufacturer, in the course of transactions running through years, in which they make sales for him to large amounts and also make advances to him in the course of their business, have taken up notes of the manufacturer at maturity, and charged them in their account current, held, that the agents are not entitled to claim the benefit of a mortgage given to secure these and other notes, because these notes must be considered as having been paid at maturity by the maker.

4. Where an agent of a manufacturer who is in advance to his employer, and needs funds, and has no way of paying himself except by using notes of the manufacturer, which he is authorized to sell in the course of business, one day before the maturity of such notes passes them bona fide to one of his own creditors, who, in consideration of them, cancels a security held against the agent, held, that this was not a payment of the notes by the maker of them (the employer), and that this creditor of the agent is a bona fide purchaser, without notice of any equities, if any, which may exist between an agent and his employer.

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

5. Example of equity practice under rule 60, and section 881, Story, Eq. Pl.

This was a suit brought by Turnbull & Co. for a decree for the sale of the Mount Vernon Cotton Factory property, in the city of Alexandria, to satisfy the liens upon said property. The property was sold, and the price obtained was altogether inadequate to satisfy the various liens upon it. The contest was mainly between the lienors as to the priority of their respective liens, but there were other questions upon which these rights depended. The first lien on the property was a deed of trust from Thomas and wife to secure several notes for the deferred payments of the purchase-money. The second, a deed of trust of the same date as the first, but conceded to be subordinate to it, from Thomas to E. F. Witmer, to secure notes amounting to five thousand dollars, payable to the order of G. K. Witmer. The third lien which it is necessary to notice was a deed of trust to secure Turnbull & Co. for advances to the extent of thirty thousand dollars, and the fourth, various judgments of creditors which were docketed in Alexandria county, subsequent to the date of the deed of trust to secure Turnbull & Co. There were five notes secured by the first deed of trust held by Turnbull & Co., which had been paid to the holders at maturity by money borrowed from Turnbull & Co., and the notes after payment were assigned to Turnbull & Co. Four of the notes secured by the first deed of trust were held by W. D. Corse, to whom they were indorsed by George K. Witmer, the agent and attorney of Thomas, on the first or second day of grace of said notes, in payment of claims which Witmer owed individually to Corse, fully secured on real estate of Witmer, and which security had been released by Corse at the time of the transfer of said notes and in consideration of the same. Others of these notes were held by the First National Bank of Alexandria. These notes were all printed, with coupons attached, and made negotiable and payable at the First National Bank of Alexandria, Va., but the name of the maker was written above the printed line expressing the place of payment, and of course above the coupons. The following is a sample of the notes:

This note is secured by deed of trust to ——, dated ——, 186—, the stamp on which has been paid.

"(65 cent Revenue Stamp.)    Alexandria, Va., January 22d, 1866.

"Two years after date I promise to pay to the order of James Green, value received, twelve hundred and twenty-two $22/100$ dollars, with interest from date, payable half-yearly, as per coupons attached hereto, signed by me.

"A. Thomas.

"Payable at the First National Bank of Alexandria, Va.

"(Coupon.)

"July 22d, 1867.

"Due James Green thirty-six $67/100$ dollars for half-year's interest on note No. 8, dated January 22d, 1866.      A. Thomas. "$36.67.

"(Coupon.)

"January 22d, 1868.

"Due James Green thirty-six $67/100$ dollars for half-year's interest on note No. 8, dated January 22d, 1866.      A. Thomas. "$36.67.

"(Indorsed)      James Green."

There was a written agreement between Turnbull & Co. and Thomas, which was never executed, that Turnbull & Co. should have a lien for advances to the extent of sixty thousand dollars, but the deed carrying out that agreement specified only thirty thousand dollars. It was claimed that the first mortgage notes held by Turnbull & Co. were a lien upon the property, that they were entitled to a lien under the agreement to the extent of sixty thousand dollars, and that the notes held by Corse and the First National Bank were not negotiable; moreover, that the notes held by Corse were liable to any equities between Thomas and his agent, G. K. Witmer, and that there was an equity in favor of Thomas, in that Witmer had no right to use the notes of Thomas belonging to Thomas in payment of his own debt due to Corse, principally upon the ground that Thomas was not indebted to Witmer at the time of the transfer of the notes to Corse. Witmer's deposition was to the effect that Thomas was largely indebted to him (and the contract was a part of this case) at the time the notes matured, that he was obliged to have money on account, and that Thomas could not pay him and pay the notes too, so that he charged himself with the amount of the notes, took them up before maturity, and transferred them to Corse as above stated. Corse maintained that the notes were negotiable, that he took them bona fide for a valuable consideration before maturity, and that he took them free from any equity between the maker and his attorney, Witmer; and besides, that Thomas's indebtedness to Witmer at the time of the transfer to Corse was established, and therefore there was no equity in favor of Thomas. As against the claim of Turnbull & Co., it was maintained that the first mortgage notes held by them had been paid by Thomas at maturity, and ceased to be a lien from that time, and that the transfer of them to Turnbull & Co. did not revive the lien, that they were secured only to the extent of thirty thousand dollars as provided for in the deed. And the judgment creditors whose judgments had been docketed in Alexandria claimed that as

against their judgments Turnbull & Co. had no lien at all, because Turnbull & Co's account against Thomas showed that the balance due them was exclusively for advances made subsequent to the docketing of the judgments, and as Turnbull & Co. were not bound by covenant to make the advances, and had constructive notice of the judgments, the advances were not secured, although there was a balance due at the time the judgments were docketed in excess of the thirty thousand dollars.

Francis L. Smith, for Turnbull & Co.

H. O. Claughton and S. F. Beach, for lien creditors.

HUGHES, District Judge, held: 1st. That Turnbull & Co. were not entitled to claim the amount of the first mortgage notes held by them, because said notes were paid at maturity by the maker. 2d. That their deed of trust was security to the amount of thirty thousand dollars. 3d. That such security availed them to that extent for advances made after the judgments were docketed. 4th. That the notes secured by the first deed of trust were negotiable, and that Corse was a bona fide purchaser for valuable consideration without notice. Authorities as to the negotiability of the notes: The notes being printed, another signature above the printed line expresses the place of payment. English authorities: Sproule v. Legge, 2 Dowl. & R. 15; 1 Barn. & C. 16; 3 Starkie, 156; Hardy v. Woodroofe, 2 Starkie, 319; 1 Starkie, 468. American authorities: Tuckerman v. Hartwell, 3 Greenl. 147. As to who is a bona fide holder of negotiable paper: [Bank of Washington v. Triplett] 1 Pet. [26 U. S.] 31; 8 Conn. 505; 34 N. Y. 247; [Murray v. Lardner] 2 Wall. [69 U. S.] 110; 35 N. Y. 65; [Swift v. Tyson] 16 Pet. [41 U. S.] 1. Authorities as to Turnbull & Co.'s lien as against the judgments docketed in Alexandria county: Sherras v. Cary, 7 Cranch [11 U. S.] 34; U. S. v. Hore, 3 Cranch [7 U. S.] 73. Against it: 2 Barr [Pa. St.] 96; 13 Mich. 38; 3 Grant. Cas. 300; 17 Ohio, 371; 5 Johns. 326; 6 N. Y. 147.

NOTE. After the filing of the answer, and entering of a general replication thereto at a former term, the cause was at issue. Both parties so treated it, by taking depositions, and contesting the matters at issue before the commissioner. The result of proceedings before the commissioner was to show the defendant that an amended answer was necessary to enable him to make his defence. Leave to file such an answer was obtained from the court at the next regular term, without the defendant having been required to comply with the provisions of rule 60, making a notice to the complainant necessary. The cause was then, after more than a year's delay, subsequent to filing the amended answer, set for hearing, and at the hearing the complainant was allowed to file a general replication to the amended answer, nunc pro tunc, as a matter of form, and then the hearing was proceeded with. See Story, Eq. Pl. § 881.